**John Edgar WEATHERS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 4327.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

May 23, 1963.

Geddes Hugh Martin, Spartanburg, S. C., for petitioner.

John C. Williams, U. S. Atty., Greenville, S. C., for respondent.

WYCHE, District Judge.

Petitioner filed his petition, which he denominates as "Motion to Vacate Sentence" under 28 U.S.C.A. § 2255, alleging upon oath that he is not guilty of the crime alleged in the Information against him (interstate transportation of a stolen motor vehicle, 18 U.S.C.A. § 2312), that his plea of guilty was not entered voluntarily but was entered because of promises made to him by a Federal Bureau of Investigation Agent, and asks that his sentence be vacated and that he be allowed to withdraw his plea of guilty and enter a plea of not guilty. Affidavits of Gerald C. Jones and Willie Wilson in support of the "Motion to Vacate Sentence" are attached to the petition-motion.

I allowed petitioner to proceed in forma pauperis, his petition was filed and I appointed Geddes Hugh Martin,

Esq., an attorney at the Spartanburg, South Carolina, Bar, to represent him. The petitioner was removed to this District for consultation with his counsel and to testify at a hearing on his petition.

The "Motion to Vacate Sentence" was heard by me in open court in Spartanburg, South Carolina, on May 14 and 15, 1963.

The petitioner was present with his court-appointed counsel, the petitioner testified and presented Willie Wilson, a prisoner confined in the United States Penitentiary in Atlanta, Georgia, as a witness in his behalf. The Government was represented at the hearing by the United States Attorney, and presented John A. Munn, Special Agent of the Federal Bureau of Investigation, and Lt. W. C. Hayes of the Detective Division of the Spartanburg City Police Department, as witnesses.

I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## FINDINGS OF FACT

1. On May 7, 1962, the defendant John Edgar Weathers in the case of United States v. John Edgar Weathers, Criminal No. 12,934, (Western District of South Carolina, Spartanburg Division) after a full arraignment and waiver of counsel, entered his plea of guilty to a violation of 18 U.S.C.A. § 2312 (interstate transportation of a stolen motor vehicle) before me.

2. On May 7, 1962, I sentenced the defendant John Edgar Weathers to a sentence of three (3) years in the custody of the Attorney General of the United States.

3. The undisputed facts as to the offense to which John Edgar Weathers plead guilty are that on March 26, 1962, John Edgar Weathers, one Ruel Peters and an unknown third person, were together at a blood bank in Atlanta, Georgia. They were there for the purpose of selling blood, at five dollars a pint, to obtain money with which to buy wine or beer. John Edgar Weathers' blood was not accepted but that of his two companions was accepted. They left the blood bank together in the late afternoon and walked about in Atlanta in alleys drinking. Sometime during the evening of March 26 or the early morning of March 27, 1962, a 1950 Chevrolet was stolen from Fred Smith in Atlanta. On March 27, 1962, about noon, this stolen automobile was wrecked near Spartanburg, South Carolina, when it ran a red light and collided with another automobile. The driver of the stolen automobile fled on foot and has never been located or identified. Ruel Peters and John Edgar Weathers were in the automobile and were removed from the scene of the accident to the Spartanburg General Hospital. The stolen automobile had been "straight wired" and was carrying stolen Georgia license plates. John Edgar Weathers remained in the hospital for two days. When he was released on March 29, 1962, he was taken into custody by the Spartanburg City Police. John Edgar Weathers was briefly interviewed in the hospital, and interviewed more extensively the day he was released from the hospital, by Lt. W. C. Hayes of the Detective Division of the Spartanburg City Police Department. On April 2, 1962, John Edgar Weathers was interviewed by Special Agent of the Federal Bureau of Investigation John A. Munn and Lt. Hayes. On April 4, 1962, Weathers was transferred to the Federal authorities and on April 4, 1962, the first day he was in Federal custody, he gave a detailed signed confession and was taken before a United States Commissioner where he waived preliminary hearing.

4. John Edgar Weathers admits that he rode in the stolen automobile from Georgia, to South Carolina, and that he knew the automobile was being operated without an ignition key, and that he put the stolen license plates on the automobile.

He contends that although the license plates were stolen in Georgia, that he placed them on the automobile after it was in South Carolina, and that the

missing third person separated from him and Ruel Peters in Atlanta, and returned with the automobile, and that he did not know the third person had stolen the car, and that he at all times denied such knowledge to Lt. Hayes and Agent Munn, that he was in a dazed condition when he signed the confession on April 4, 1962, and did not know its contents, and that he plead guilty to the charge only because Agent Munn promised him that he would receive probation if he plead guilty.

Gerald Jones in his affidavit and Willie Wilson in his testimony at the hearing, say that after John Edgar Weathers was sentenced, Agent Munn came into the office of the United States Marshal where Jones, Wilson and Weathers were being held and Weathers complained that he had not received probation as he had been promised and Agent Munn said he would discuss the matter with the presiding Judge, and Agent Munn then left the room and returned in a few minutes and told Weathers that the Judge had left for the day but that he would contact him later in Weathers' behalf and that Weathers should write the Judge and request probation.

5. Lt. Hayes testified that Weathers told essentially the same story on March 29, 1962, as was later incorporated in the signed confession except that he said that he had put the stolen plates on the automobile in Athens, Georgia.

Weathers had not seen Agent Munn on March 29, 1962.

Lt. Hayes and Agent Munn testified that the oral statement given by Weathers on April 2, 1962, was the same as that later incorporated into the written confession and that Weathers seemed to be in possession of his faculties and to understand fully the nature of his actions on all occasions that he was interviewed. Agent Munn testified that when the confession was given it was discussed line by line with Weathers and typed during the discussion and that Weathers read the entire confession before signing each page of it.

Agent Munn testified as to the incident in the United States Marshal's office, that after Weathers was sentenced, after court had adjourned for the day he was in the office of the United States Marshal where there is located a small holding cell, and that Weathers called him over to the cell and said that he had received a longer sentence than he had expected and asked him whether the Judge could reduce the sentence. He informed Weathers that the Judge had the right within sixty days to reduce the sentence. Weathers asked how he could get in touch with the Judge and he informed him that he could call the matter to the Judge's attention in person or by letter. At the request of Weathers he determined that the Judge had already left the Court House and he informed Weathers. Weathers said that he would write the Judge in an effort to get his sentence reduced. He did not tell Weathers that he thought that he would not receive a sentence to serve a prison term, he did not tell Weathers at any time that he would see the Judge and get the sentence changed, and he did not tell him he would come over to the jail after he talked with the Judge, and he never made any promise of any type at any time to John Edgar Weathers.

6. John Edgar Weathers, the petitioner, Willie Wilson, who testified in petitioner's behalf, and Gerald C. Jones, who made an affidavit in support of petitioner's motion, have extensive criminal backgrounds.

7. John A. Munn has been a special agent of the Federal Bureau of Investigation for twenty-one years and Lt. W. C. Hayes has been employed by the City Police Department of Spartanburg, South Carolina, for twenty-six years. Both are highly esteemed and competent law enforcement officers.

8. The transcript of the proceedings when John Edgar Weathers plead guilty on May 7, 1962, shows that after John Edgar Weathers' plea of guilty was entered, Weathers discussed his case at some length with me. During the discussion, Weathers requested that I put

**630**

him on probation and I indicated to Weathers that he did not merit probation. Despite the fact that I had told Weathers that he did not deserve probation and Agent Munn had just completed a narrative description of the facts of the case without suggesting probation, Weathers never suggested to me that he was not guilty or that any promises of leniency had been made to him to induce him to plead guilty.

Two letters written by Weathers to me requesting probation, after he had been taken to the penitentiary in Atlanta, do not disclose that his plea of guilty was induced by promises of probation or any other promise. The letters indicate that though Weathers was in fact guilty he was seeking mercy.

 9. John A. Munn made no promises of any kind to John Edgar Weathers to encourage or induce him to plead guilty as charged.

10. John Edgar Weathers' plea of guilty to the charge of violation of 18 U.S.C.A. § 2312, entered on May 7, 1962, in the Western District of South Carolina, in Criminal No. 12,934, was freely and voluntarily entered and his guilty plea was not induced by any promise made to John Edgar Weathers by Special Agent of the Federal Bureau of Investigation John A. Munn, or by anyone else.

11. For the foregoing reasons, it is my opinion that the motion of the petitioner to vacate his sentence and allow him to withdraw his plea of guilty and enter a plea of not guilty should be denied, and his motion to vacate his sentence should be dismissed.

### CONCLUSIONS OF LAW

The only issue in this case being one of fact and that issue having been resolved against petitioner, it necessarily follows as a matter of law that he is entitled to no relief under his petition.

 Considering his petition as appropriate to seek relief under Rule 32(d), Federal Rules of Criminal Procedure, I find that under the facts above stated, that no manifest injustice is shown that would entitle petitioner to withdraw his plea of guilty.

Based upon the foregoing Findings of Fact and Conclusions of Law,

It is ordered, That the motion of John Edgar Weathers to vacate sentence be and the same is hereby denied, and that John Edgar Weathers be remitted to the custody of the Attorney General of the United States to complete service of the sentence imposed on him on May 7, 1962, in Criminal No. 12,934 in the Western District of South Carolina.